UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

PETER MENGEL,

    Plaintiff,                        Case No. 17-12614
                                          Honorable Denise Page Hood
v.                                         Magistrate Judge Elizabeth A. Stafford

THOMAS WHITE, *et al*.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS LAWSUIT
WITH PREJUDICE FOR FAILURE TO PROSECUTE**

**I.    INTRODUCTION**

On August 3, 2017, Peter Mengel filed this *pro se* prisoner civil rights complaint under 42 U.S.C. § 1983. [ECF No. 1]. The case was transferred from the Western District of Michigan to the Eastern District on August 10th. On November 9, 2017, Defendant Marcia Sorenson filed a motion for summary judgment. [ECF No. 9]. Mengel failed to respond, and the Court issued an order for Mengel to show cause in writing by December 19, 2017, why the complaint should not be dismissed for failure to prosecute pursuant to E.D. Mich. LR 41.2. [ECF No. 11]. Since Mengel has failed to file a response to defendants' motion for summary judgment or to the Court's order to show cause, the Court **RECOMMENDS** that his complaint

be **DISMISSED WITH PREJUDICE** against Marcia Sorenson for failure to prosecute.

## II.     ANALYSIS

If a plaintiff fails to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962).  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing … the case unless good cause is shown."  E.D. Mich. LR 41.2.  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629.

2

The Sixth Circuit has set forth four factors to be used as guidance when determining whether a case should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b):  "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Knoll*, 176 F.3d at 363.

The majority of these factors weigh in favor of dismissal.  With respect to the first factor, Mengel is at fault because he failed to either file his response or explain to the Court his inability to do so even after the Court warned Mengel that a failure to file a response to Sorenson's motion might result in dismissal of his case for failure to prosecute.  The Court's order was not returned as undeliverable, permitting a reasonable inference that Mengel received it.  Therefore, even though it is not clear that Mengel's failure to respond is done in bad faith, it is "certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

As to the second factor, there is little prejudice to the defendants here, as Mengel's failure simply results in a delay of litigation. *Id.* But the third and fourth factors weigh heavily in favor of dismissal, as Mengel has been given a clear warning that his case would be dismissed if he did not respond to this Court's orders. Because Mengel has failed to prosecute his case whatsoever since its transfer to the Eastern District of Michigan, the Court concludes that no alternative sanction would effectively protect the integrity of the pretrial process. Under these circumstances, "dismissal is the only appropriate remedy" because Mengel "has effectively abandoned the case." *Id.*

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE** against Marcia Sorenson for failure to prosecute.

<div style="text-align: right;">
s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge
</div>

Dated: March 8, 2018

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service

4

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 8, 2018.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager